Baltazar Jacuinde Bermudez, Pro Se
23224 W Yavapai St
Buckeye, AZ 85326
Telephone (623) 876-9316
norajacuinde@hotmail.com

FILED _____ LODGED
_____ RECEIVED _____ COPY

AUG 1 6 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ARIZONA

Case No.: ~~15-cv-02833 JAH (KSC)~~
Case CV-17-02040 - PHX- SPL

vs.

BALTAZAR JACUINDE BERMUDEZ, PRO SE,

         Plaintiff,

VS.

DHI MORTGAGE COMPANY, LTD. LIMITED PARTNERSHIP, DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; ET ALL

         Defendants

OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Comes now Plaintiff, Baltazar Jacuinde Bermudez, Pro Se, and hereby files his Opposition to Defendants, Ditech Financial LLC and Mortgage Electronic Systems's (Defendants herein after), Motion to Dismiss Plaintiff's Complaint and in support states the following:

## LEGAL STANDARD

Defendants have filed a Motion to Dismiss ("Motion") based on Federal Rule of Civil Procedure 12(b)(6). (Doc. 21.) Plaintiff opposes the Motion.  Defendants attempt to litigate this action within the context of its Motion to Dismiss, without any proper authentication or verification.

Rule 12(b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Rule 12(b)(6) test has been revised in recent years. In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. In *Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," id. at 563. It continued: "Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court further elaborated on the test, including this statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Id. at 1949 (citation omitted).

OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 2

<u>**ARGUMENT**</u>

## A. PLAINTIFF'S UNCONSCIONABLE CONTRACT PLED SUFFICIENTLY

Plaintiff has plead Unconscionable Contract with specificity. As requested by the court, Plaintiff has provided names, dates The California Homeowner Bill of Rights does not state that a party must "request" a single point of contact. The Bill clearly states "Homeowners are guaranteed a single point of contact as they navigate the system and try to keep their homes – a person or team at the bank who knows the facts of their case, has their paperwork and can get them a decision about their application for a loan modification." Defendant, Nationstar, did not even respond to Plaintiff's loan modification application. The California Homeowner Bill of Right is "designed to guarantee basic fairness and transparency for homeowners in the foreclosure process", and does not exclude parties in default. Defendant Nationstar's actions are and have been unconscionable and they ,once again, must be held accountable for their actions.

## B. PLAINTIFF HAS PLED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

All of the aforementioned conduct of defendants establishes all elements of intentional infliction of emotional distress. As a direct result of Defendants actions, Plaintiffs' wife has attempted suicide and has been under a doctors' care for depression. Defendants intentionally, knowingly and recklessly misrepresented to the Plaintiff that Defendants, U.S. Bank, Nationstar Mortgage LLC and Bank of America were entitled to exercise the power of sale provision contained in the Deed of Trust and offer

OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 3

modifications to Plaintiff. In fact, Defendants were not entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in the Property.

Such conduct was undertaken with the specific intent of inflicting emotional distress on the Plaintiff, such that Plaintiff would be so emotionally distressed and debilitated that they would be unable to exercise legal rights in the Property. As a proximate cause of Defendants conduct Plaintiff has experienced many sleepless nights, severe depression, lack of appetite, and loss of productivity at his place of employment.

## C.  WRONGFUL FORECLOSURE CLAIM IS PLED SUFFICIENTLY

Plaintiff is informed and believes and thereon allege that after the origination and funding of his loan, it was sold to investors as a "Deed of Trust backed security" and that the Foreclosing Defendant, Ditech, in this action does not own this loan, or the corresponding note. Moreover, the Foreclosing Defendant, Ditech, in this action was not lawfully appointed as trustee or have the original note assigned to them. Accordingly, the Foreclosing Defendant, Ditech, in this action did not have the right to declare default or foreclose on Plaintiffs' interest in the Subject Property. The Foreclosing Defendant, Ditech, was not the note holder or a beneficiary at any time with regard to Plaintiffs' loan.

Thus, the Foreclosing Defendant, Ditech, engaged in a fraudulent foreclosure of the Subject Property in that the Foreclosing Defendant, Ditech, did not have the legal authority to foreclose on the Subject Property.

OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 4

## D. SLANDER OF TITLE IS PLED SUFFICIENTLY

Pursuant to, A.R.S. § 33-411. Recording real estate documents; indemnification by transferor: Any document evidencing the sale, or other transfer of real estate or any legal or equitable interest therein, eases, shall be recorded by the transferor in the county in which the property is located and within sixty days of the transfer. In lieu thereof, the transferor shall indemnify the transferee in any action in which the transferee's interest in such property is at issue, including costs, attorney's fees and punitive damages.

Ditech, purportedly, but falsely acting as either the transferor wrongfully and without privilege, caused a Notice of Sale to be recorded against the Subject Property.

None of the Foreclosing Defendants, whether jointly or severally, are a trustee, beneficiary or assignee of any beneficiary of any Deed of Trust recorded against the Subject Property. Accordingly, they wrongfully caused the recording of the Notice of Trustee's Sale against the Subject Property. By doing the acts described above, the Foreclosing Defendant have slandered Plaintiffs' title to the Subject Property.

55. In that the conduct and acts of the Foreclosing Defendants violated, among others, A.R.S. § 33-411, such conduct and acts were not privileged.

Securitization of mortgages have been made possible largely through the expansive use of a private financial industry-created database system, Mortgage Electronic Registration Systems, Inc. ("MERS"), as a replacement for state recording laws. See generally, In re Merscorp, Inc. v. Romaine, 8 N.Y.3d 90, 96, 861 N.E.2d 81,

OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 5

828 N.Y.S.2d 266 (2006). Instead of lenders issuing mortgages under their names, mortgages would be issued (and recorded) under "MERS" acting as a "nominee" for the lenders, thereby allowing the mortgages to be "pooled" together and marketed as securities using unrecorded notes and assignments. See Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co., 277 F.R.D. 97, 102-03 (S.D.N.Y.2011). Plaintiff asserts this was the action taken by the filing of the "Assignment of Deed of Trust" which was filed June 14, 2011, over 5 years after the securitization of their loan.

The widespread misuse of MERS eventually led to state and federal investigations culminating in (1) a "Consent Order" between MERS and four federal agencies in 2011 and (2) a "Consent Judgment" between the five largest mortgage service companies in the United States and the U.S. Department of Justice, other federal agencies and the Attorneys General of 49 states in 2012.

United States Bankruptcy Judge Robert Grossman has ruled that MERS's business practices are unlawful. The Judge rejected every aspect of MERS's argument. The Court rejected the claim that MERS could be both holder of the mortgage as well as nominee of the "true" owner. It also found that "mortgagee of record" is a vague term that does not give one legal standing as mortgagee. Hence, at best, MERS is only a nominee. It rejected MERS's claim that as nominee it can assign notes or mortgages — a nominee has limited rights and those most certainly do not include the right to transfer ownership unless there is specific written instruction to do so. In scarcely veiled anger, the Judge wrote:

> "According to MERS, the principal/agent relationship among itself
>
> and its members is created by the MERS rules of membership and terms

and conditions, as well as the Mortgage itself. However, none of the documents expressly creates an agency relationship or even mentions the word "agency." MERS would have this Court cobble together the documents and draw inferences from the words contained in those documents."

Judge Grossman rejected MERS's arguments, saying that mere membership in MERS does not provide "agency" rights to MERS, and agreeing with the Supreme Court of Kansas that ruled "The parties appear to have defined the word [nominee] in much the same way that the blind men of Indian legend described an elephant — their description depended on which part they were touching at any given time."

He went on to disparage MERS's claim that since in legal theory the "mortgage follows the note", the Court should overlook the fact that MERS separated them. He stopped just short of saying that by separating them, MERS has irretrievably destroyed the clear chain of title, although he hinted that a future ruling could come to that conclusion:

"MERS argues that notes and mortgages processed through the MERS System are never "separated" because beneficial ownership of the notes and mortgages are always held by the same entity. The Court will not address that issue in this Decision, but leaves open the issue as to whether mortgages processed through the MERS system are properly perfected and valid liens. See Carpenter v. Longan, 83 U.S. at 274 (finding

OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 7

that an assignment of the mortgage without the note is a nullity); Landmark Nat'l Bank v. Kesler, 216 P.3d 158, 166-67 (Kan. 2009) ("[I]n the event that a mortgage loan somehow separates interests of the note and the deed of trust, with the deed of trust lying with some independent entity, the mortgage may become unenforceable")."

Additionally, The United States Bankruptcy Court for the Eastern District of California issued a ruling dated May 20, 2010 in the matter of In Re: Walker, Case No. 10-21656-E-11 which found that MERS could not, as a matter of law, have transferred the note to Citibank from the original lender, Bayrock Mortgage Corp. The Court's opinion is headlined stating that MERS and Citibank are not the real parties in interest.

The court found that MERS acted "only as a nominee" for Bayrock under the Deed of Trust and there was no evidence that the note was transferred. The opinion also provides that "several courts have acknowledged that MERS is not the owner of the underlying note and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose on the property secured by the deed", citing the well-known cases of In Re Vargas (California Bankruptcy Court), Landmark v. Kesler (Kansas decision as to lack of authority of MERS), LaSalle Bank v. Lamy (New York), and In Re Foreclosure Cases (the "Boyko" decision from Ohio Federal Court).

Plaintiff has shown all 5 elements of fraud as required by Federal Statute. 1) Defendants have misrepresented their authority to assign substitute Trustees, filed fraudulent documents and concealed their relationship; 2) Defendants were aware of their knowledge of falsity; 3) Defendants intended to defraud Plaintiff by attempting to

OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 8

wrongfully foreclose on his property by fraudulently filing documents to try and achieve this goal; 4) Plaintiff relied on Defendants to be true and forthcoming in all deals, regarding his Deed of Trust. Defendants make constant misrepresentations on how they can assist him in keeping his property, but then give him the run around when he attempts to do so; 5) Plaintiff's damages will be that he loses his property, if Defendants are afforded the ability to defraud the Plaintiff in actions, aforementioned.

## E. NEGLIGENCE CLAIM IS PLED SUFFICIENTLY

None of the Foreclosing Defendants in this action are lawfully appointed as trustee or had the original note assigned to them. Accordingly, none of the Foreclosing Defendants in this action have the right to declare default, cause notices of default to be issued or recorded, or foreclose on Plaintiffs' interest in the Subject Property. The Foreclosing Defendants are not the note holder or a beneficiary at any time with regard to Plaintiffs' loan. Therefore, the assignments filed with Maricopa Clerk of court are fraudulent.

Based upon information and belief, MERS was at all times herein operating in the State of Arizona without registering as a foreign corporation to avoid paying taxes to the state. Defendant, MERS, is not in the business of creating evidences, and it is not a foreign lending institution. It does not originate loans, never had any true interest in the subject loan or Deed of Trust, and thereby does not meet any legal exceptions to the registration requirement for foreign corporations. MERS operates as a record-keeping database company in which MERS contracts with lenders to track security instruments in return for an annual fee.

OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 9

MERS conducted business in Arizona when it was not registered with the Secretary of State. Specifically, it prepared and/or executed an Assignment of Deed of Trust on March 11, 2014. Said assignment is not valid and should be void as a fraudulent document. At all relevant times herein, MERS was not registered in Arizona and could not prepare or execute the Assignment of Deed of Trust. MERS had no legal authority to take such action, Deeds of Trust are contractual in nature. A contract made by a corporation doing business in Arizona while that corporation has failed to perform its franchise tax obligations is voidable at the option of any party to the contract, other than the [delinquent] taxpayer. Thus, MERS did not have the legal capacity to enter into a contract with Plaintiff or anyone else, and Plaintiff has the option of voiding the contract. Therefore, any action that MERS took with regard to assigning the within deed of trust and substituting the trustee would be ultra vires and void.

## F. PLAINTIFF IS ENTITLED TO DECLARATORY RELIEF

An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding his respective rights and duties in the subject note(s) and security instrument. Plaintiff requests a judicial determination of the rights, obligations and interest of the parties with regard to the subject property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the subject property. Plaintiff is not in default as asserted by Defendants and cannot prove who the "Holder in Due Course" is of Plaintiffs Deed of Trust and Note.

## CONCLUSION

By granting Defendant's Motion to Dismiss Plaintiff's Complaint without considering all of the relevant and material facts in this action, based on evidence that remains disputed, the Court would greatly prejudice and harm Plaintiff's action, in that Plaintiff brings proper causes of action in this case, as filed, but will not be able to argue against any interests, such as Defendant's, without questioning the validity of what Defendants purport to have.

WHEREFORE, Plaintiff has set forth specific facts sufficient to survive Defendants Motion to Dismiss Plaintiff's Complaint, Therefore, Defendants Motion should be denied.

Dated: 15 August, 2017

Respectfully Submitted,

Baltazar Jacuinde Bermudez, Pro Se
23224 W Yavapai St
Buckeye, AZ 85326
Telephone (623) 876-9316
norajacuinde@hotmail.com

OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was served on the following parties: Colt B. Dodrill, Esq., Joshua C. Offenhartz, Esq WOLFE & WYMAN LLP, 6757 Spencer St., Las Vegas, NV 89119, cbdodrill@wolfewyman.com; Attorney for Defendant Ditech Financial and Mortgage Electronic Registration Systems; on 15 August, 2017.

*Baltazar Jacuinde B*
Baltazar Jacuinde Bermudez, Pro Se
23224 W Yavapai St
Buckeye, AZ 85326
Telephone (623) 876-9316
norajacuinde@hotmail.com

OPPOSITION TO DEFENDANTS, DITECH FINANCIAL LLC AND MORTGAGE ELECTRONIC SYSTEMS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 12