**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baltazar Jacuinde Bermudez,<br><br>             Plaintiff,<br>vs.<br><br>DHI Mortgage Company Ltd., et al.,<br><br>             Defendants. | No. CV-17-02040-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants DiTech Financial LLC and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Doc. 10). For the reasons set forth below, the motion is granted.

**I.    Background**

On May 23, 2017, pro se Plaintiff Baltazar Jacuinde Bermudez filed suit against Defendants DHI Mortgage Company Limited ("DHI"), DiTech Financial LLC, ("DiTech"), and Mortgage Electronic Registration Systems Incorporated ("MERS") for the following claims related to the foreclosure of his home in Buckeye, Arizona: (1) unconscionable contracts; (2) breach of fiduciary duty; (3) intentional infliction of emotional distress; (4) declaratory relief; (5) wrongful foreclosure; (6) slander; and (7) negligence. (Doc. 1-1.) Defendants DiTech and MERS have moved to dismiss the claims against them. (Doc. 10.)

## II. Standard of Review

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacificia Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

In deciding a motion to dismiss the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, *id.*, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (internal citation omitted). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

### III. Discussion

#### A. Unconscionable contract

In Arizona, a contract may be either procedural or substantively unconscionable. *Maxwell v. Fid. Fin. Servs., Inc.*, 184 Ariz. 82, 89-90, 902 P.2d 51, 58 (Ariz. 1995). The former refers to the unconscionability of contractual process, while the latter "concerns that actual terms of the contract and examines the relative fairness of the obligations assumed." *Id.* Here, Plaintiff has not alleged any facts that would allow the Court to find that it is facially plausible that Plaintiff's contract with Defendants DiTech and MERS is unconscionable either procedurally or substantively. Plaintiff's allegations focus on the securitization of mortgage by Defendant DHI. (Doc. 1-1 at 6-7.) Securitization of a mortgage alone, however, is an insufficient basis to bring an unconscionable contract claim. Because the only allegations supporting his unconscionable contract claim is—in fact—permissible, Plaintiff fails to state a claim for unconscionable contract against Defendants DiTech and MERS.

#### B. Breach of fiduciary duty

"[I]t is well-settled in Arizona that a mortgage lender does not owe a fiduciary duty to a borrower." *Gould v. M & I Marshall & Isley Bank*, 860 F.Supp.2d 985, 989 (D. Ariz. 2012) (internal citations omitted). Plaintiff has not pleaded any factual allegations to suggest that there was a fiduciary relationship between himself and Defendant DiTech or Defendant MERS. *See Badger v. Mortg. Elec. Registration Sys.*, No. CV-11-08094-PCT-NVW, 2011 WL 3156325, at *5 (D. Ariz. July 27, 2011) ("Absent a special agreement, a debtor-creditor relationship in Arizona is not a fiduciary relationship."). Accordingly, Plaintiff's claim for breach of fiduciary duty against Defendants Ditech and MERS is dismissed.

#### C. Intentional infliction of emotional distress

A claim for intentional infliction of emotional distress requires a plaintiff to establish: "(1) that the defendant's conduct was 'extreme' and 'outrageous'; (2) that the defendant either intended to cause emotional distress or recklessly disregarded the near

certainty that such distress would result from his conduct; and (3) that severe emotional distress in fact occurred as a result of the defendant's conduct." *Matson v. Safeway, Inc.*, No. CIV. 12-8206-PCT-PGR, 2013 WL 6628257, at *4 (D. Ariz. Dec. 17, 2013) (internal citations omitted). Here, Plaintiff alleges that "Defendant, Ditech's conduct – fraudulently foreclosing on a property in which they have no right, title, or interest – is so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized community." (Doc. 1-1 at 9.) Such conclusory allegations, however, are not entitled to an assumption of truth nor raise Plaintiff's right to relief above the speculative level. Further, Defendant's alleged conduct "is not so outrageous as to go beyond all possible bounds of decency." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011) (internal citation and punctuation omitted). Plaintiff's claim for intentional infliction of emotional distress is dismissed.

### D. Wrongful foreclosure

As other courts have noted, wrongful foreclosure is not a recognized tort in Arizona. *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014) ("Arizona, though a nonjudicial foreclosure state, has not expressly recognized the tort of wrongful foreclosure."); *Cervantes*, 656 F.3d at 1043 (9th Cir. 2011) ("Arizona state courts have not yet recognized a wrongful foreclosure cause of action."); *Schrock v. Fed. Nat. Mortg. Ass'n*, No. CV-11-0567-PHX-JAT, 2011 WL 3348227 (D. Ariz. Aug. 3, 2011); *Herring v. Countrywide Home Loans, Inc.*, No. CV-06-2622-PHX-PGR, 2007 WL 2051394, at *5 (D. Ariz. July 13, 2007). Most recently, in *Zubia v. Shapiro*, the Arizona Supreme Court again declined to recognize the tort of wrongful foreclosure. 243 Ariz. 412, ¶ 29, 408 P.3d 1248, 1253 (Ariz. 2018) ("Although we do not preclude the possibility that Arizona may recognize a cause of action for wrongful foreclosure in the future, we do not do so here."). Because wrongful foreclosure is not a recognized cause of action in Arizona, Plaintiff's claim is dismissed.

### E. Slander of title

Plaintiff alleges that Defendants had no authority to cause a Notice of Sale to be recorded against Plaintiff's property and in doing so, "slandered Plaintiffs' title to the Subject Property" in violation of Ariz. Rev. Stat. § 33-411. (Doc. 1-1 at 14.) Plaintiff's theory that Defendant Ditech had no authority to cause a Notice of Sale to be recorded is unfounded. *Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215 ¶ 28, 311 P.3d 237, 243 (App. 2013) (internal citations omitted). Plaintiff has failed to state a claim for slander of title under Arizona Revised Statute § 33-411.

### F. Negligence

Negligence requires a plaintiff to establish the following elements: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gibson v. Cty. of Maricopa*, No. CV-16-00767-PHX-JAT (JZB), 2017 WL 168035, at *3 (D. Ariz. Jan. 17, 2017) (citing *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007)). Again, Plaintiff does make any factual allegations that Defendants owed Plaintiff a duty of care, that Defendants breached that duty of care, that there is a causal connection between Plaintiff's injury and Defendants' conduct, and that Plaintiff suffered actual damages as a result. *Singer v. BAC Home Loan Servicing, LP*, No. CV-11-01279-PHX-NVW, 2011 WL 2940733, at *2 (D. Ariz. July 21, 2011). Plaintiff's general discussion of his discontentment with the securitization of his mortgage is insufficient to state a claim of negligence against Defendants DiTech and MERS.

### G. Declaratory relief

Declaratory relief requires "an independent basis for jurisdiction." *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 F. App'x 680, 684 (9th Cir. 2014) (citing *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "Declaratory and injunctive relief are remedies, not causes of action." *Id.* (internal citation omitted). Because Plaintiff's claims are to be dismissed with prejudice, there

remain no claims upon which to request declaratory relief.

**IV.　Conclusion[1]**

Plaintiff has failed to state claims against Defendants DiTech and MERS upon which relief can be granted. Accordingly,

**IT IS ORDERED** that Defendants DiTech Financial LLC and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Doc. 10) is **granted**.

**IT IS ORDERED** that Plaintiff's Motion to Vacate Sale and Reverse Trustee's Deed Upon Sale (Doc. 39) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 27th day of April, 2018.

*[signature]*
Honorable Steven P. Logan
United States District Judge

---

[1] Because Plaintiff has failed to state claims upon which relief can be granted against Defendants DiTech and MERS, it follows that these claims against Defendant DHI are similarly dismissed. Defendant DHI need not file an answer or otherwise respond as previously ordered by the Court (Doc. 52).